UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY L. SCHILLER,

        Plaintiff,

v.                                             Case No. 3:19-cv-227-J-39JRK

CENTURION (MEDICAL),

        Defendant.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Anthony L. Schiller, an inmate of the Florida penal system, initiated this action by filing a pro se civil rights complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names one Defendant, Centurion, a company under contract with the Florida Department of Corrections (FDOC) to provide medical care for inmates. In his Complaint, Plaintiff asserts he was "deprived due process and proper medical care" after he slipped and fell at the prison. He alleges Centurion "enacted and implemented a custom, policy and practice of acting with deliberate indifference" to his serious medical needs. Complaint at 4. As relief, Plaintiff seeks damages in the amount of $50,000. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts

apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). However, allegations of medical negligence do not suffice. Id. at 105-06. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. Moreover, alleging a "simple difference in medical opinion" does not

state a deliberate indifference claim. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 2007).

Plaintiff acknowledges he received medical care following his fall. He states he was provided a splint that was too small, he received only ibuprofen, and he was given "very little direction." See Complaint at 4. He also claims he should have been provided a cast because he believes he broke his hand. Id. at 5. Even to the extent these allegations support an inference of deliberate indifference rather than mere negligence or a difference in medical opinion, Plaintiff does not identify individuals responsible for the alleged violations. Rather, he names only Centurion, the medical provider under contract with the FDOC to provide medical care for inmates.

Supervisory officials, including private corporations like Centurion, cannot be held liable under § 1983 on the basis of supervisory liability in the absence of allegations identifying a policy or custom that was the moving force behind a constitutional violation. See Ross v. Corizon Med. Servs., 700 F. App'x 914, 917 (11th Cir. 2017) (citing Craig v. Floyd Cty., 643 F.3d 1306, 1310 (11th Cir. 2011)). See also Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."). To demonstrate supervisory liability, "[a] plaintiff must identify a municipal 'policy' or 'custom' that caused [his] injury." Harvey v. City of Stuart, 296 F. App'x 824, 826 (11th Cir. 2008) (alteration in original) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).

Plaintiff fails to identify a policy Centurion adopted that resulted in a constitutional violation. While Plaintiff states generally that Centurion implemented a policy, he does not identify the nature of the policy. His self-serving, conclusory statement amounts to no more than a "naked assertion," which fails to satisfy the pleading standard. See Twombly, 550 U.S. at 570; Harvey, 296 F. App'x at 826. Plaintiff's allegations suggesting alleged failures by unidentified medical staff are insufficient to sustain a claim that Centurion adopted a policy to deny him adequate medical care. Even if Plaintiff alleged a claim for deliberate indifference against a particular individual, Centurion cannot be held liable simply because it was under contract to provide health care to inmates at Plaintiff's correctional facility. Plaintiff, thus, fails to state a claim under § 1983 because he has not alleged Centurion deprived him of a constitutional right. See Bingham, 654 F.3d at 1175.

For these reasons, Plaintiff's Complaint is subject to dismissal without prejudice. The Court will direct the Clerk to send Plaintiff a new civil rights complaint form should he choose to initiate a new claim against proper individuals.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to file a claim, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of April, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Anthony L. Schiller